# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DENNIS DARNELL HOWARD**                                                      **PETITIONER**

**V.**                           **NO. 1:10CV130-A-S**

**RONALD KING, et al.**            **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Dennis Darnell Howard, inmate number 127785 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the petition shall be denied in all respects.

### A. *Factual and Procedural Background*

On the night of June 27, 2005, Craig Smith, a manager at a fast food restaurant, went to the bank to deposit the stores proceeds. A coworker followed Smith in another car. Smith exited his car and placed the money in the night depository. As he was returning to his car, Smith noticed Howard emerge from a wooded area walking towards him. Howard approached Smith and began beating him allegedly with a handgun. At trial, Howard claimed that it was not a real handgun but a water gun. When Smith explained that he had already deposited the money, Howard returned to the wooded area.

Howard's defense during trial was that he had gone to the restaurant earlier in the day and Smith "made a pass at him." According to Howard, he watched Smith make the deposit then approached him and hit Smith with a water gun.

During deliberations, the jury sent two notes to the trial judge regarding whether or not statements made by the attorneys were considered evidence. The trial judge each time referred the jury to an instruction cautioning that "arguments, statements, and remarks of counsel are again to help you understand the evidence and apply the law but are not evidence." The jury returned a guilty verdict.

Howard was convicted of armed robbery in the Circuit Court of Attala County, Mississippi. He was sentenced to twenty-five years imprisonment. On August 12, 2008, the Mississippi Court of Appeals affirmed Howard's conviction and sentence. *See Howard v. State*, 2 So. 3d 669 (Miss. App. 2008). Howard then filed an application for leave to file petition for post-conviction review in the Mississippi Supreme Court on April 9, 2009. He failed to attach the petition to his application and, as a result, it was denied for failure to make a substantial showing of the denial of a state or federal right. Howard filed a second application with his petition attached. The court denied his application as a successive writ pursuant to Miss. Code Ann. § 99-39-27(9).

Howard filed this federal habeas petition on May 10, 2010. He set forth essentially five grounds for relief:[1]

| | |
|---|---|
| Ground One: | Denial of due process of law based on the ineffective assistance of where counsel failed to perform a thorough investigation regarding exculpatory witnesses. |
| Ground Two: | Denial of due process of law and effective assistance of counsel when counsel failed to seek dismissal of the charges before trial, failed to object to leading questions, and failed to challenge venue. |
| Ground Three: | Denial of due process of law and effective assistance of counsel during direct appeal. |
| Ground Four: | Denial of due process of law in the sentencing phase of the trial. |
| Ground Five: | Denial of due process of law during state trial proceedings based on the trial judge's abuse of discretion by allowing hearsay testimony, and denying the motion for directed verdict, and giving supplemental jury instructions. |

---

[1] There is no dispute regarding the timeliness of Howard's petition.

*B. Procedurally Barred Claims*

Respondents submit that Howard has failed to exhaust his claims in portions of Grounds Two and Five and as a result this court may not review these claims.[2] Respondents further argue that portions of Grounds One, Two, Three and Four are procedurally barred due to the State Supreme Court's refusal to consider them in Howard's second application.

It is clear that Howard has failed to exhaust some of his claims in Grounds Two and Five.[3] These claims for post-conviction relief have not been presented to or considered by the Mississippi Supreme Court, either on direct appeal or on a petition for post-conviction relief. It is also apparent that any attempt to exhaust his state remedies would be futile. "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947 (5th Cir. 1998) citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L. Ed. 2d 147 (1998).

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). Independence requires that the state procedural rule be "independent of the merits of the federal claim." *Lott v. Hargett* , 80 F.3d 161, 164 (5th Cir. 1996). The procedural default is an

---

[2] The court allowed Howard an opportunity to return to state court and exhaust his claims. His attempts in state court were unavailing.

[3] In Ground Two, Howard asserts that his counsel was ineffective for failing to challenge venue. In Ground Five, Howard asserts that the judge abused his discretion by allowing hearsay testimony by Dr. Richardson and by denying the motion for directed verdict. These claims have not been exhausted in State court.

3

adequate ground for denial of relief when the state supreme court applies the bar "strictly or regularly . . . to the vast majority of similar claims." *Sayre*, 238 F.3d at 634.

Respondents suggest and the court agrees that some of Howard's arguments were presented to the State's highest court but denied as successive. *See* Miss. Code Ann. § 99-39-27(9). In order to avoid the procedural bar, Howard has the burden of proving that the State does not regularly or strictly apply the successive bar. Howard has failed in this regard. Nor has Howard demonstrated that some external action prevented him from pursuing relief. Finally, the court finds that no "fundamental miscarriage of justice" will result from the failure to consider his claims.[4]

Remaining for a review on the merits is Howard's claim contained in Ground Five regarding a challenge to the jury instructions.

*C. Limitations on review*

This court's power to upset the judgments of the state courts in a criminal matter is appropriately very limited. The federal courts address only issues affecting substantial federal constitutional rights. The federal courts do not function as super-appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221(1981); *Engle v. Isaac,* 456 U.S. 107, 121, n. 21(1982); *Gilmore v. Taylor*, 508 U.S. 333, 348-349 (1993) (O'Connor, J. concurring) (A mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas.")

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

---

[4] The State court declined to review Howard's Ground One alleging ineffective assistance of counsel during pretrial proceedings; Ground Two alleging ineffective assistance of counsel for failure to articulate the applicable law, seek dismissal of the charge, seek the lessor included offense, object to leading questions, allow the petitioner to testify, and opening the door for prejudicial evidence; as well as Grounds Three and Four.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362(2000). The AEDPA presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*D. Discussion*

Ground Five: Jury Instructions

Howard argues that the trial judge gave the jury erroneous supplemental instructions. Howard is referring to the instructions given to the jury after deliberations had begun and in response to the jury's question about statements made by the attorneys. There is no supporting argument either in the petition or in the traverse. The claim is merely included as a conclusory statement.

Howard's argument, however, was considered and rejected by the State Court on direct review. The Court found that the supplemental instructions to the jury were sufficient and did not pose any risk of misleading the jury. The Court further acknowledged that a portion of the supplemental instructions was an incomplete statement of the law but found that it was harmless. *See Howard*, 2 So. 3d at 674 n.2.

It is generally recognized that errors in jury instructions do not state a claim for relief unless the error resulted in "prejudice of a constitutional magnitude." *Gilmore v. Taylor*, 508 U.S. 333, 342-43, 113 S. Ct. 2112, 2118-19, 124 L. Ed. 2d 306 (1983). The habeas petitioner must demonstrate that the error had a "substantial and injurious effect or influence on the determination

5

of the jury's verdict." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368 (1973).

Having reviewed the trial court record, this court can not find that the State Appellate Court's conclusion–that the instructions were sufficient–was contrary to or an unreasonable application of federal law. To the contrary, the decision regarding the supplemental instructions was entirely consistent with constitutional constraints. The supplemental instructions merely restated and referred to early appropriate instructions. The jury charge did not have an injurious effect on the verdict. As a result, Howard's claim fails.

*E. Conclusion*

As discussed in detail above, most of the petitioner's claims are barred for failure to exhaust or for failure to comply with a state procedural requirement which prevented a meritorious review. The only claim surviving for a review on the merits falls far short of a level worthy of habeas relief. For the foregoing reasons, the petition shall be denied in all respects.

A final judgment in accordance with this opinion will be entered.

THIS the 4th day of November, 2011.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**